**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN BRYANT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN KIBLER, et al.,<br><br>　　　　　Defendants. | No.  2:21-CV-0060-DMC-P<br><br><br>ORDER |

　　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff' motion for appointment of counsel. ECF No. 3.

　　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017.  Neither factor is dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the United States Court of Appeals for the Ninth Circuit concluded the district court did not abuse its

discretion with respect to appointment of counsel because:

> Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

Here, Plaintiff contends only that he requires counsel because he is indigent and unable to afford counsel. ECF No. 3. He desires counsel to protect his interests. Id.

The Court is cognizant of the difficulties of litigating from prison and is sympathetic to Plaintiff's inability to afford an attorney. The Court, however, does not find exceptional circumstances warranting a request by the Court for voluntary assistance of counsel. Review of the docket indicates that Plaintiff has been able to articulate his claims on his own. He has filed multiple motions that sufficiently and coherently outline his requested relief. Furthermore, at this stage of the case, the Court cannot say that Plaintiff has established a particular likelihood of success on the merits. Finally, Plaintiff alleges fairly straightforward Eighth Amendment claims due to the alleged negligence of prison officials in handling the COVID-19 pandemic. See ECF No. 1. The factual and legal issues involved in this case are not unusually complex. Plaintiff's motion for appointment of counsel is **DENIED**.

IT IS SO ORDERED.

Dated: January 21, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE