IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BRYANT,<br><br>          Plaintiff,<br><br>     v.<br><br>BRIAN KIBLER, et al.,<br><br>          Defendants. | No. 2:21-CV-0060-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. In his complaint, Plaintiff raises numerous claims related to the ongoing COVID-19 pandemic. See generally ECF No. 1. Before the Court now, however, is Plaintiff's motion for a temporary restraining order and preliminary injunction directing Plaintiff's immediate release from incarceration. ECF No. 5 at 1. Plaintiff contends that release from custody is the only adequate remedy for the ongoing Eighth Amendment violations that he alleges; namely, the risk of exposure to COVID-19. Id. The undersigned United States Magistrate Judge recommends denying the motion for injunctive relief.

**I. STANDARD**

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky,

1

586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

## . PLAINTIFF'S ALLEGATIONS

Plaintiff brings suit based on concerns over potential damage or injury arising from feared exposure to COVID-19. ECF No. 1. Defendants are prison officials at High Desert State Prison (HDSP), where Plaintiff is incarcerated. Id. at 1, 4. Plaintiff complains that Defendants have failed to follow California's pandemic safety guidelines, causing COVID-19 infections to spread in HDSP. Id. at 4–9. Plaintiff contracted COVID-19 due to Defendants' alleged failure to appropriately respond to the pandemic and protect inmates' health. Id. at 5. Plaintiff asserts that suffered permanent lung damage and his life is in danger due to risk of further infection. Id. He argues that Defendants' failures violated the Eighth Amendment to the United States Constitution. See id. at 4.

In his motion for injunctive relief, Plaintiff contends that immediate release from prison is the only appropriate remedy for the Eighth Amendment violations that he alleges. ECF No. 5 at 1. He posits that he satisfies all required elements for issuance of a preliminary injunction. Id. at 2–3. First, Plaintiff argues that he is likely to succeed on the merits for the reasons given in his complaint. Id. at 2. Second, he argues that the hardships tip in his favor and that he is likely to suffer irreparable harm because of the chronic threat that COVID-19 poses. Id. And third, Plaintiff asserts that an injunction ordering his release is in public interest because the public has an interest in preventing the spread of COVID-19. Id. at 3.

### III. DISCUSSION

The Court need not consider the above standards. Plaintiff cannot obtain a temporary restraining order or preliminary injunction compelling his release from incarceration.

Plaintiff brings this action under 42 U.S.C. § 1983. Section 1983 provides a remedy for the violation of constitutional rights by any person acting under color of state law. 42 U.S.C. § 1983; see, e.g., Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Section 1983 is not a vehicle for challenging the validity of confinement.[1] See, e.g., Skinner v. Switzer, 562 U.S. 521, 533–34 (2011) (citing Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016). Complaints for relief turning on the circumstances of a prisoner's confinement may be brought in a § 1983 action. See Skinner, 562 U.S. at 533–34; Nettles, 830 F.3d at 927.

The *exclusive* remedy for a prisoner seeking immediate or speedier release from confinement, however, is a writ of habeas corpus. See Skinner, 562 U.S. at 533–34; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Because a habeas petition is the exclusive method by which a prisoner may seek release from custody, a temporary restraining order or injunction ordering a prisoner's release in a civil rights action is inappropriate.[2] See, e.g., Henson v. Corizon Health, No. CV 19-04396-PHX-MTL (DMF), 2020 WL 2319937, at *1–2 (D. Ariz. May 11, 2020). If Plaintiff wishes to challenge the fact or duration of his confinement, he may file a petition for a writ of habeas corpus.

### IV. RECOMMENDATION

The undersigned United States Magistrate Judge recommends that Plaintiff's motion

---

[1] The Court recognizes, of course, that Plaintiff more discretely argues that release from prison is the only appropriate remedy to the Eighth Amendment violation that he alleges rather than directly arguing his conviction and confinement writ large are invalid. See, e.g., ECF No. 5 at 1.

[2] Sister courts have reached the same conclusion. Law v. Pierce, No. 19-924 (MN), 2020 WL 6799162, at *7 (D. Del. Nov. 19, 2020); Menefee v. Tigard Police Dep't, No. 3:20-cv-01497-AC, 2020 WL 6547640, at *3 (D. Or. Nov. 6, 2020); Boaz v. Woodall, No. 3:20-cv-1194-J-39JRK, 2020 WL 6484973, at *2 (M.D. Fla. Nov. 4, 2020); Riggs v. Louisiana, NO. 3:20-0495 2020 WL 1939168, at *1–2 (W.D. La. Apr. 22, 2020); Pines v. Dir. of Atascadero State Hosp., No. 18-cv-03849-SI, 2018 WL 11047234, at *1 (N.D. Cal. July 10, 2018).

for a temporary restraining order and injunctive relief (ECF No. 5) be **DENIED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 15, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE