IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BRYANT,<br><br>    Plaintiff,<br><br>  v.<br><br>BRIAN KIBLER, et al.,<br><br>    Defendants. | No. 2:21-CV-0060-TLN-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Because Plaintiff has been granted leave to proceed in forma pauperis, the Court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

1       The Federal Rules of Civil Procedure require that complaints contain a ". . . short
2 and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.
3 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v.
4 Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are
5 satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds
6 upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff
7 must allege with at least some degree of particularity overt acts by specific defendants which
8 support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it
9 is impossible for the court to conduct the screening required by law when the allegations are
10 vague and conclusory.

11       As discussed above, Rule 8 requires a complaint contain a short and plain
12 statement of the claim. Here, Plaintiff's complaint refers to over 100 pages of attached
13 documents which purportedly support the factual allegations against the named defendants. This
14 pleading method does not satisfy the requirement of Rule 8(a) that claims must be stated simply,
15 concisely, and directly. To the contrary, Plaintiff's complaint would require the Court to comb
16 through numerous pages of documents in order to determine whether Plaintiff has stated any
17 claims upon which relief can be granted. The Court is unwilling to do this in part due to limited
18 judicial resources but also because it is for Plaintiff – not the Court – to formulate his claims in a
19 way that satisfies the rules. The complaint will be dismissed with leave to amend. Plaintiff is
20 cautioned that failure to file an amended complaint within the time provided may result in
21 dismissal of the action for lack of prosecution and failure to comply with court rules and orders.
22 See Local Rule 110.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /


Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of this order.

Dated: August 5, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE